FILED

2016 Jun-30  AM 10:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### Western Division

SCOTTIE O'KEITH BRASFIELD,

      Plaintiff,

v.

SOCIAL SECURITY and EQUIFAX
CREDIT AGENCY,

      Defendants.

Case No. 7:16-cv-01027-RDP

---

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

Defendant, Equifax Information Services LLC ("Equifax"), incorrectly identified in Plaintiff's Complaint as Equifax Credit Agency, by counsel, files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and asks the Court to dismiss this action in its entirety.

## I.      BACKGROUND

Pro Se Plaintiff, Scottie O'Keith Brasfield, has sued Equifax and appears to allege claims for being denied credit because of child support appearing in his credit file. He appears to seek injunctive relief and damages in the amount of one million dollars. In addition to failing to state a claim upon which relief can be granted, Plaintiff presents no factual allegations against Equifax in his Complaint.

Such an attempt is insufficient to notify Equifax as to the basis of the claims asserted against it and as such, should be dismissed.

## II.   APPLICABLE LEGAL STANDARDS

### A.   *Pro Se* Litigants

Plaintiff is a *pro se* litigant. A reviewing court is required to review *pro se* complaints more liberally than those prepared by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, *pro se* plaintiffs are required to follow the same procedural rules as other litigants. *Loren v. Sasser,* 309 F.3d 1296, 1304 (11th Cir.2002) (per curiam) (citation omitted). *Thomas v. Am. Tobacco Co.*, 173 F.R.D. 546, 547 (M.D. Ga. 1997) (citing *Moon v. Newsome*, 863 F.2d 835 (11th Cir.1989)). District judges have no obligation to act as counsel or paralegal to *pro se* litigants. *Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004).

### B.   12(b)(6) Motion to Dismiss for Failure to State a Claim

A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint clearly demonstrates that the plaintiff cannot prove any set of facts that would entitle him to relief.  *See Jones v. Bock,* 549 U.S. 199, 215, 127 S. Ct. 910, 920, 166 L. Ed. 2d 798 (2007).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." *Id.* The court must take the plaintiff's well-pled factual allegations as true. "The court need not, however, accept unsupported legal allegations, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events." *Johnson v. MV Transp. Inc.*, 716 F. Supp. 2d 410, 413 (D. Md. 2010) (citations omitted). Plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, at 1949 (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged…. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation marks omitted).

Although detailed factual allegations are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).  Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  "[C]onclusory allegations or legal conclusions masquerading as factual conclusions" will not prevent a motion to dismiss.  *Oxford Asset Mgmt. v. Jaharis*, 297 F. 3d. 1182, 1188 (11th Cir. 2002) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993)).

Equifax is a Credit Reporting Agency ("CRA") governed by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. In enacting the FCRA, Congress made the policy decision that all claims relating to allegedly improper or erroneous credit reporting—which is the fundamental basis of the FAC—must be brought under the FCRA, or not at all. Stated simply, the FCRA "is a comprehensive statutory scheme designed to regulate the consumer reporting industry." *Ross v. F.D.I.C.*, 625 F.3d 808, 812 (4th Cir. 2010). Consequently, the FCRA was enacted to govern and remedy claims by consumers that a CRA such as Equifax erroneously handled a consumer's credit file such that, as Plaintiff alleges here, a consumer has allegedly inaccurate information in that consumer's credit file. Assuming Plaintiff intends to make a claim pursuant to the FCRA, the Plaintiff's three-sentence, handwritten Complaint falls short of alleging any misconduct under the statute. Moreover, the Complaint is subject to dismissal

under Rule 12(b)(6) because it completely fails to plead a cognizable legal theory or any facts to support a claim against Equifax. Indeed, Plaintiff admits his "name is not being reported inaccurately" but claims he is "being denied because a child support case is showing in my credit report." Plaintiff's Compl., ¶ 1. Plaintiff's Complaint fails to state a claim against Equifax and should therefore be dismissed.

**C.   Injunctive Relief Is Not Available Under the FCRA and, Therefore, Any Claim For Such Must Also Be Dismissed.**

The Complaint appears to request an order from the Court requiring Plaintiff's "name to be cleared in this system." *Id*. To the extent this language could be construed to form a request for injunctive relief, dismissal is required.

Although a consumer may bring a claim under the FCRA to enforce any liability created under its provisions, only the Federal Trade Commission ("FTC") is "authorized to *enforce compliance* with" the FCRA through legal action. 15 U.S.C. § 1681s(a)(1) (emphasis added). As the leading appellate court case on this issue held, "the affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC." *Washington v. CSC Credit Servs. Inc*., 199 F.3d 263, 268 (5th Cir. 2000).

In the 16 years since *Washington*, virtually every court has agreed that neither injunctive nor declaratory relief is available to private litigants under the FCRA. *See*, *e.g.*, *Presley v. Equifax Credit Information Services, Inc.*, 2006 WL 2457978 at *2 (E.D. Ky. Aug 21, 2006) (holding injunctive relief unavailable to private litigants and granting Equifax's motion for partial summary judgment); *Daniels v. Experian Info. Solutions, Inc.*, 2010 WL 331690 at *3 (S.D. Ga. Jan 19, 2010) (holding that neither injunctive nor declaratory relief is available to consumers under the FCRA); *Hamilton v. DirecTV, Inc.*, 642 F. Supp. 2d 1304, 1307 (M.D. Ala. 2009) (granting motion for partial dismissal, finding no basis to distinguish between injunctive and declaratory relief—"both [are] unavailable to private litigants under the FCRA"); *McDonald v. Equifax Inc.*, 2008 WL 5156690 at **1-2 (N.D. Tex. Dec. 8, 2008) (not declaratory or injunctive relief); *Ramirez v. MGM Mirage, Inc.*, 524 F. Supp. 2d 1226, 1236-37 (D. Nev. 2007); *Gelman v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 2306578, 9 (E.D. Pa. Aug. 9, 2007) ("because a claim for declaratory relief would frustrate the FCRA's limitation of injunctive relief, such a claim cannot be maintained"); *Owner-Operator Indep. Driver Ass'n, Inc. v. USIS Commercial Servs, Inc.*, 410 F. Supp. 2d 1005, 1007-09 (D. Colo. 2005) (holding that all forms of equitable relief, including declaratory relief, are unavailable to

consumers under the FCRA); *Jones v. Sonic Auto., Inc.*, 391 F. Supp. 2d 1064, 1065 (M.D. Ala. 2005) ("the FCRA does not authorize equitable relief to private parties"); *White v. First Am. Registry, Inc.*, 378 F. Supp. 2d 419, 421-22 (S.D.N.Y. 2005) ("the 'affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants' persuasively demonstrates Congress' intent to limit the court's traditional equitable powers to cases brought by the FTC"); *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1145 (N.D. Cal. 2005); *Anderson v. Capital One Bank*, 224 F.R.D. 444, 448-49 (W.D. Wis. 2004) (no relief available under the Declaratory Judgment Act for violations of the FCRA); *In re Trans Union Corp. Privacy Litig.*, 211 F.R.D. 328, 339-40 (N.D. Ill. 2002) (no injunctions or relief under the Declaratory Judgment Act).

Numerous courts have concluded that individual plaintiffs simply do not have the ability to obtain injunctive relief for conduct governed by the FCRA. The same conclusion should be reached here. To find otherwise would improperly circumvent the expertise and discretion of the FTC to regulate consumer reporting agencies. *See Mangio v. Equifax, Inc.*, 887 F. Supp. 283, 284-85 (S.D. Fla. 1995) ("Permitting private individuals to enforce FCRA compliance through actions for equitable relief would circumvent, and thus undermine, the

exercise of" FTC discretion in enforcing the FCRA). Accordingly, the Court should dismiss the Complaint to the extent Plaintiff seeks declaratory relief.

WHEREFORE, PREMISES CONSIDERED, Equifax respectfully requests that this Honorable Court dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and for such other relief as the Court deems necessary.

Respectfully submitted this 30th day of June, 2016.

*/s/ Kirkland E. Reid*
Kirkland E. Reid (REIDK9451)
Jones Walker LLP
11 N. Water Street, Suite 1200
Mobile, AL 36602
Tel. (251) 439-7513
Fax (251) 439-7358
Email: kreid@joneswalker.com
Attorney for Equifax Information
Services LLC

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed a true and correct

copy of the foregoing with the Clerk of the Court using the CM/ECF system, and

via U.S. Mail to:

Scottie Brasfield
PO Box 71826
Tuscaloosa, AL 35405


Dated:  June 30, 2016

/s/ *Kirkland E. Reid*
Kirkland E. Reid